STATE, Respondent, vs. FISCHER, Appellant.

*April 14—May 17, 1938.*

132

*Rufus K. Breihan* of Antigo, for the appellant.

For the respondent there was a brief by *Thomas E. McDougal,* district attorney of Langlade county, the *Attorney General,* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. McDougal* and *Mr. Messerschmidt.*

MARTIN, J.   The appellant makes three assignments of error:

(1) The court erred in refusing to receive evidence offered by the defendant.

(2) The court erred in denying defendant's motion for a directed verdict of acquittal.

(3) The court erred in denying defendant's motions after verdict to have the verdict of the jury set aside and for . a judgment of acquittal, or a new trial.

Under these assignments, the appellant argues all the contentions urged in the trial court and as indicated in his motions after verdict, with the exception that no contention is made here that the court erred in instructing the jury, or in refusing to instruct as requested.   Nevertheless, we have carefully examined the charge to the jury and find no error therein.   This case having been tried once before, resulting

in a disagreement, we have given particular attention to the testimony of the complaining witness, Marie Conn, given at the preliminary hearing and upon the trial, to ascertain if there were any material discrepancies in her testimony, and we find none.

We do not regard it necessary or serviceable to make any detailed statement of the facts in connection with the repulsive crime of which defendant stands convicted. It is the settled rule in this state that if there is any credible evidence, which in any reasonable view supports a verdict in a criminal case, it cannot be disturbed on appeal. *State v. Hintz,* 200 Wis. 636, 640, 229 N. W. 54; *Lam Yee v. State,* 132 Wis. 527, 112 N. W. 425; *Van Haltren v. State,* 142 Wis. 143, 124 N. W. 1039; *Clemens v. State,* 176 Wis. 289, 185 N. W. 209; *O'Keefe v. State,* 177 Wis. 64, 187 N. W. 656; *Imperio v. State,* 153 Wis. 455, 459, 141 N. W. 241; *State v. Fricke,* 215 Wis. 661, 667, 255 N. W. 724. It is also the established rule that the testimony of the outraged female, especially when supported by circumstances such as we have here, constitutes a sufficient basis for a verdict of guilt. *Haley v. State,* 207 Wis. 193, 198, 240 N. W. 829; *Cobb v. State,* 191 Wis. 652, 211 N. W. 785; *Richards v. State,* 192 Wis. 20, 211 N. W. 669.

The appellant contends that the testimony of the complainant is involved in so much doubt that the verdict should be set aside. The complainant is a stepdaughter of appellant. At the time in question she was fifteen years of age, and living with her mother and stepfather, her father and mother having been divorced. The parties lived in a small apartment in the city of Antigo. Apparently the mother was away much of the time. The testimony discloses many acts of intercourse. Complainant's testimony was to the effect that while the parties were living at Argonne, defendant had intercourse with her on several occasions, and that after they moved to Antigo and were living in the apart-

ment there were further acts of intercourse. The testimony shows that the last act of intercourse took place in January, 1936, and shortly before the complainant's father took her away from the home of her mother and stepfather on an order of the court granting him her custody. It appears that she left the Fischer home in the custody of her father on the 24th day of January, 1936. She testified that she did not know she was pregnant until the month of March. She gave birth to a child on October 3, 1936. It appears that she did not complain to anyone concerning her relations with the defendant, or as to her pregnant condition, until shortly before giving birth to her child. The appellant argues that her silence and conduct impeaches the credibility of her testimony. This circumstance, as well as the credibility and weight of the corroborative testimony, were matters for the consideration of the jury under proper instructions, which they received. It appears from the record that the case was given to the jury at 11:05 a. m., and that the jury returned its verdict into court at 10:20 p. m. It was not what might be called a hasty verdict. We have a right to assume the verdict was reached after long and careful consideration. While we have made no attempt to set out the evidence in detail, which should be avoided in this class of cases when possible to do so, we have carefully examined all of the testimony and considered all of the contentions urged by the appellant. We discover no reason for disturbing the judgment. It is fully sustained by the evidence.

*By the Court.*—Judgment affirmed.