STATE, Respondent, vs. FRIES, Appellant.

*January 19—February 13, 1945.*

For the appellant there was a brief by *Benton, Bosser, Becker & Parnell,* attorneys, and *David L. Fulton* of counsel, all of Appleton, and oral argument by *Mr. Fulton* and *Mr. Edgar E. Becker.*

For the respondent there was a brief by the *Attorney General, William A. Platz,* assistant attorney general, and

*Elmer R. Honkamp,* district attorney of Outagamie county, and oral argument by *Mr. Platz.*

FAIRCHILD, J.   Sec. 340.47, Stats., provides that "any person over eighteen years of age who shall unlawfully and carnally know and abuse any female under the age of eighteen years shall be punished by imprisonment."   There was no spoken testimony directly addressed to the matter of defendant's age.   The case was submitted to the jury solely on the question as to whether defendant had sexual intercourse with the prosecuting witness on August 2, 1944.   The court in its instructions used the following language: "It appears without dispute that the defendant, Jake Fries, is over the age of eighteen."   The admissions or circumstances other than defendant's appearance and the fact that he is the owner of a liquor license, justifying that statement, are not disclosed in the record beyond certain references made by the complaining witness.   But that statement in the instructions given the jury was not challenged in any way either by objection or exception, and of course the appearance of the defendant would be noted by the jury even if he did not take the witness stand. The age of the defendant is a material element in cases of this character, and it rests upon the prosecution to satisfy the jury beyond a reasonable doubt that defendant was of the age specified or older.   52 C. J. pp. 1089, 1090, sec. 121. The defendant was not required to take the witness stand and he did not do so.   However, if there is any evidence in the record which can reasonably support an inference to the degree of certainty required by the law, that the defendant was over the age of eighteen, the verdict will not be disturbed. *Commonwealth v. Emery* (1912), 51 Pa. Super. 55.

In this case the record shows that defendant was the holder of a Class B liquor license issued June 6, 1944.   Although neither sec. 66.05 (10) nor 176.05 (9), Stats., contains any requirement that the holder of such license shall be of any

specified age, the severe statutory restrictions against sale of liquor to minors, and the prohibition imposed upon keepers of taverns from allowing persons under eighteen years of age to remain in rooms in which liquor is sold (sec. 176.32, Stats.), together with the well-known practice of issuing of licenses only to citizens of full age, are sufficient to sustain the necessary inference in this case. The record also shows that defendant was referred to by witnesses as "this gentleman," and "Mister Jake." The connotation of these terms under the circumstances is that an adult was referred to. The foregoing is in addition to the fact that the defendant was in the courtroom during the trial, viewed by the jury and the judge. In *Knox v. Bigelow* (1862), 15 Wis. *415, the court held that the jury was at liberty to look at parties in the courtroom for the purpose of determining questions as to identity. No reason exists for refusing to allow such observation as a means of determining the relative age or maturity of the defendant. See *Hermann v. State* (1888), 73 Wis. 248, 41 N. W. 171. And in *State v. Dorathy* (1934), 132 Me. 291, 170 Atl. 506, defendant was convicted of taking indecent liberties with a child under the age of sixteen. In that case defendant did not take the stand. No direct evidence of his age was received, and under the statute an essential element of the crime was that defendant be above twenty-one years of age. However, the court upheld the conviction on the ground that the appearance of the defendant in the courtroom was sufficient evidence of defendant's age. A thorough consideration of the authorities is there given, and it appears that the weight of authority is that the physical appearance of a defendant may be observed by the jury in connection with other evidence for the purpose of determining his or her age. Also, see *Thornton v. State* (1903), 117 Wis. 338, 342, 93 N. W. 1107; *Commonwealth v. Emmons* (1867), 98 Mass. 6; 2 Wigmore, Evidence, p. 5, sec. 222.

It thus appears that there is sufficient evidence to warrant drawing the inference that beyond a reasonable doubt the defendant was over eighteen years of age. We assume that the trial court rested his ruling upon such evidence, although if defendant were under eighteen years of age, the sentence imposed would be within the provisions of the statute.

Appellant assigns as error admission of testimony that defendant bought liquor for the prosecutrix and her companion because these acts were subsequent to the alleged act of intercourse. The record contains testimony of acts occurring subsequent to the alleged crime of a much more meretricious nature which was admitted without objection. We do not find it necessary to discuss the propriety of such evidence because, in view of all the evidence, the admission of this testimony cannot be held to constitute prejudicial error.

Appellant contends that his guilt has not been established beyond a reasonable doubt. The record shows that the prosecutrix made several unqualified statements that she had intercourse with defendant. Previous inconsistent statements made by her would go only to her credibility. That was a matter for the jury. The rule has been recognized that testimony of the injured party is sufficient to sustain a conviction of rape. *Lanphere v. State* (1902), 114 Wis. 193, 202, 89 N. W. 128; *State v. Fischer* (1938), 228 Wis. 131, 134, 279 N. W. 661; *State v. Crabtree* (1941), 237 Wis. 16, 21, 22, 296 N. W. 79. Here, there was testimony of other witnesses that defendant and the prosecutrix had remained in defendant's bedroom for a considerable time so that prosecutrix's testimony is not entirely uncorroborated. We can find nothing in the record to justify a reversal or the granting of a new trial. The motion for a new trial was properly denied.

*By the Court.*—Judgment and order affirmed.