STATE, Respondent, v. WILSON, Appellant.

*No. State 52.   Argued November 1, 1968.—Decided December 3, 1968.*
(Also reported in 162 N. W. 2d 605.)

30

For the appellant there was a brief by *Terrance Pitts,* attorney, and *Harvey L. McCormick* of counsel, both of Milwaukee, and oral argument by *Mr. Pitts.*

For the respondent the cause was argued by *Harold B. Jackson, Jr.,* assistant district attorney of Milwaukee county, with whom on the brief were *Bronson C. La Follette,* attorney general, and *David J. Cannon,* district attorney.

CONNOR T. HANSEN, J. After the state had rested its case, counsel for the defendant moved for a dismissal on the ground that the state had not proved that the complainant and the defendant were not married. The motion was denied and no evidence was introduced by the defendant.

On appeal the defendant urges that the state failed to prove beyond a reasonable doubt the nonmarital status of the complainant and the defendant and that the defendant offered to have nonmarital sexual intercourse for money. These are two of the essential elements of the crime of which the defendant was convicted.

An examination of the record reveals that there is no direct evidence to the effect that the defendant was not married to the complainant or that she specifically offered to have sexual intercourse with him. We must, therefore, determine whether the circumstantial evidence presented at the trial is sufficient to sustain the finding of guilty by the trial court.

The complaining and principal witness in the case was a vice squad officer of the Milwaukee Police Department. He met the defendant while seated in his parked car on Third street in Milwaukee at 2:10 a. m. It was his own automobile and he was not wearing a police uniform. The defendant walked over to the passenger side of complainant's automobile and asked him if he was looking for a girl. He replied, "Yes" and she responded that it would cost him some money. The officer asked, "What for?" and the defendant replied, "For a half and half." He then asked, "How much money?" and she said, "20."

The officer was told to follow another car driven by a man and in which the defendant was a passenger. The two cars proceeded to a residence at Eighteenth and Cherry in Milwaukee. The defendant got out of the car in which she was riding and the officer got out of his car. The defendant told the officer to come with her and they entered the residence. Inside the residence they met a Mr. Miller and the complainant then accompanied the defendant to the bedroom.

When the two of them were in the bedroom, the defendant said it cost $20 to go to bed with her and $3 for the room. The officer gave her the $3 for the room which she gave to Miller. The defendant told the complainant to undress and then left the room. She returned to the bedroom and told him to put the $20 on the dresser. She then left the room and returned with a pan of water and a bar of soap. The officer then put the $20 on the dresser. The defendant insisted the officer get undressed first, whereupon he identified himself as a police officer and arrested her.

Miller was called as a witness for the state and testified that he lived at the address where the activity took place. He testified that he saw the complainant and the defendant together and that she gave Miller $3. He also testified that he saw the complainant take her from the building.

There is absolutely no dispute as to any of the testimony offered. The appellant urges reversal claiming that the evidence does not sustain the finding of guilt beyond a reasonable doubt by the trial judge sitting as a finder of fact. It is argued that the evidence does not support the finding that the complainant police officer and the defendant were not husband and wife and that the defendant offered to have sexual intercourse with the complainant. A review of the evidence leads one to

conclude that such a contention is little short of preposterous.

On review, the test requires that this court be satisfied that the finder of fact, on the credible evidence submitted, could find the defendant guilty beyond a reasonable doubt. *State v. Stevens* (1965), 26 Wis. 2d 451, 464, 132 N. W. 2d 502. The conviction must be affirmed if the evidence, believed and rationally considered by the finder of fact, was sufficient to prove the defendant's guilt beyond a reasonable doubt. *Oseman v. State* (1966), 32 Wis. 2d 523, 531, 145 N. W. 2d 766. In a criminal case, the same rule applies whether the trial is to a court or to a jury. *Alston v. State* (1966), 30 Wis. 2d 88, 100, 140 N. W. 2d 286.

Also it is well established that a finding of guilt may rest upon evidence which is entirely circumstantial. *State v. Smith* (1967), 36 Wis. 2d 584, 153 N. W. 2d 538; *Hemmis v. State* (1964), 24 Wis. 2d 346, 129 N. W. 2d 209.

"The standard to be used when appraising the sufficiency of circumstantial evidence is identical in that each of the several circumstances relied upon must be proved beyond a reasonable doubt, and these circumstances must not only point with moral certainty to the guilt of the defendant, but must exclude every reasonable hypothesis of innocence. See *State v. Johnson* (1960), 11 Wis. 2d 130, 136, 104 N. W. 2d 379." *Smith, supra,* 591.

Considering the conduct of the defendant and the complainant toward one another and the undisputed evidence of the testimony at the trial, we see no reasonable hypothesis upon which it could be concluded that defendant and complainant were husband and wife. There was sufficient credible evidence before the trial judge to warrant a finding that beyond a reasonable doubt the defendant offered to have nonmarital sexual intercourse for money. Also the fact finder had the opportunity

to see and observe the parties. *State v. Fries* (1945), 246 Wis. 521, 17 N. W. 2d 578.

It is also contended that the evidence only establishes that the defendant offered the complainant a "half and half" and that nowhere in the record did the witness explain what a "half and half" was. This contention would gather significance if the officer had arrested the defendant immediately after she approached him on Third street as he sat in his car. However, in view of all that transpired after the initial offer, including the events in the residence at Eighteenth and Cherry streets, we conclude this argument to be without merit. We find nothing in the record to justify a reversal or the granting of a new trial.

*By the Court.*—Judgment affirmed.

HEFFERNAN, J. (*dissenting*). I respectfully disagree with my colleagues who would affirm the conviction.

To sustain a criminal conviction the state "must prove all the essential facts entering into the description of the offense." *Kreutzer v. Westfahl* (1925), 187 Wis. 463, 478, 204 N. W. 595. In *Koscak v. State* (1915), 160 Wis. 255, 265, 152 N. W. 181, we said, "It is elementary that every essential of the offense charged must be established to constitute a violation of the criminal law."

One of the elements of the crime of prostitution is nonmarital intercourse. In the instant case, not only was there no proof that the proffered connection was nonmarital, but in fact there was no attempt at such proof. The majority opinion reasons that proof of this essential fact was made by circumstantial evidence. Even a cursory reading of the record should reveal that there was no attempt to circumstantially show the omitted fact. There was an utter failure of proof either direct or circumstantial.

As soon as the state rested, the defense moved to dismiss for failure of proof. The record shows that the

district attorney asked the judge to permit the recall of the officer, who was apparently still present in the courtroom, to supply the omitted testimony. The judge, however; ignored this offer of testimony and proceeded to make a finding of guilty. It would appear, under these circumstances, we should not now shore up a shoddy job by conjuring up circumstantial evidence to sustain the state's case. It is well recognized that circumstantial evidence should not be resorted to when there is direct evidence available, as clearly there was here. 29 Am. Jur. 2d, *Evidence,* p. 312, sec. 264, points out, "When it is disclosed that direct evidence of a material fact is probably in existence, circumstantial evidence of that fact cannot be resorted to . . . ."

It is clear that the state negligently failed to prove the essential elements of the crime. When the omission became apparent and could readily (we assume) have been rectified, it was error for the judge, knowing of this omission, to proceed with a finding of guilty. If the trial judge concluded that the case ought not to have been dismissed, it was well within his discretion, under these circumstances, to permit the state to recall its witnesses to prove the missing elements of the crime.

I am authorized to state that Mr. Justice WILKIE joins in this dissent.