STATE of Wisconsin, Plaintiff-Respondent,

v.

Thomas William BRADY, Defendant-Appellant.†

Court of Appeals

*No. 2006AP1339–CR. Submitted on briefs December 18, 2006.
—Decided January 17, 2007.*

2007 WI App 33

(Also reported in 729 N.W.2d 792.)

† Petition to review filed.

782

784

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Suzanne L. Hagopian*, assistant state public defender.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Stephen W. Kleinmaier*, assistant attorney general, and *Peggy A. Lautenschlager*, attorney general.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. HOOVER, P.J.   Thomas Brady appeals a judgment of conviction for being a felon in possession of a firearm and an order denying his motion to suppress evidence. Brady asserts the police violated his Fourth Amendment rights by failing to follow the knock-and-announce rule. We conclude the police did not infringe on any of the interests protected by the announcement rule. Accordingly, we affirm the judgment and order.

## Background

¶ 2.   On July 31, 2005, sheriff's deputy Barry Degnitz and a second deputy visited Brady's home, seeking a woman for whom an arrest warrant had been issued. Brady was cooperative, allowing officers into the home to search for the woman. While in the home, Degnitz noticed firearms and ammunition in plain sight. Degnitz later learned that Brady and one of his roommates, Thomas Fleischfresser, had felony convictions. Thus, Degnitz sought a search warrant for the firearms and ammunition he observed. The warrant was issued, but it did not contain a "no-knock" provision.

¶ 3.   On August 1, Degnitz and deputy Christopher Tonn executed the warrant. They knocked for approximately one minute, but did not announce their identity or that they had a warrant. There was no response, and

the only extraneous noise the officers noted was an air conditioner, making average noise for that type of appliance.

¶ 4. Because there was no answer, the deputies attempted to "jimmy" the lock on the door. They succeeded in unlatching the door without damage and entered. Neither Brady nor Fleischfresser was home. The third roommate, Troy Fuller, was sleeping on the couch. The officers conducted their search according to the warrant, seizing guns, ammunition, and hunting gear.

¶ 5. Brady was charged as a felon in possession of a firearm. He brought his motion to suppress, alleging a Fourth Amendment violation for the jimmying of the lock in violation of the announcement rule. Although the court determined there was forcible entry, it characterized the entry as a technical violation and applied the futility exception, concluding even had the deputies announced themselves, there would have been no response from Fuller inside. Accordingly, the court denied the motion. Brady then pled no contest. The court imposed a fine, which was stayed pending appeal.[1]

## Discussion

██

¶ 6. We review a motion to suppress in two steps. *State v. Eason*, 2001 WI 98, ¶ 9, 245 Wis. 2d 206, 629 N.W.2d 625. We uphold the trial court's factual findings unless clearly erroneous, but we apply constitutional

---

[1] Although a valid no contest plea usually waives nonjurisdictional defenses, one exception is that the right to challenge suppression motions remains. *See* Wis. Stat. § 971.31(10). All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

principle to the facts de novo. *Id.* Here, the facts are undisputed so only the legal question remains. *See State v. O'Brien*, 223 Wis. 2d 303, 315, 588 N.W.2d 8 (1999).

■

¶ 7.   Brady complains that the deputies' failure to knock and announce violated his "right to privacy in his home." The State effectively challenges Brady's standing, asserting he cannot complain of an improper search because he was not home at the time. However, we need not analyze the standing question in any particular depth because we conclude Brady's challenge fails in any event.[2]

■

¶ 8.   The Fourth Amendment to the United States Constitution requires searches to be reasonable.[3] Whether officers have followed the announcement rule is part of a Fourth Amendment reasonableness inquiry. *Wilson v. Arkansas*, 514 U.S. 927, 934 (1995); *Eason*, 245 Wis. 2d 206, ¶ 17.

■

¶ 9.   The announcement rule "requires the police to do three things before forcibly entering a home to execute a search warrant: 1) announce their identity; 2) announce their purpose; and 3) wait for either the occupants to refuse their admittance or [] allow the

---

[2] Because we conclude Brady's substantive challenge fails, we need not discuss the State's alternate arguments. *See State v. Blalock*, 150 Wis. 2d 688, 703, 442 N.W.2d 514 (Ct. App. 1989) (cases should be decided on narrowest possible grounds).

[3] The equivalent provision in the Wisconsin Constitution is art. I, § 11. Because the two constitutions contain "substantially identical provisions," *see Alston v. State*, 30 Wis. 2d 88, 94, 140 N.W.2d 286 (1966), we may apply the United States Supreme Court's Fourth Amendment analyses to our own parallel state constitutional questions.

occupants time to open the door." *Eason*, 245 Wis. 2d 206, ¶ 17 (quotations omitted). The rule thus fulfills three purposes: protecting the safety of police and others; preventing the physical destruction of property; and protecting the limited privacy interests of the occupants of the premises to be searched. *Id.*

¶ 10. The first purpose, safety, is important because "an unannounced entry may provoke violence in supposed self-defense by the surprised resident." *Hudson v. Michigan*, ___ U.S. ___, 126 S.Ct. 2159, 2165 (2006). To prevent physical destruction of property, the knock-and-announce rule gives individuals an opportunity to comply with the law and avoid property damage resulting from forced entries. *Id.* Finally, the "privacy" interest here is a narrow protection of the resident's dignity. That is, "it assures the opportunity to collect oneself before answering the door." *Id.*

¶ 11. Brady makes much of the general right to be secure in his home or personal effects. However, that more general privacy right is protected by the warrant requirement, not the announcement rule. *Id.* Indeed, "[w]hat the knock-and-announce rule has never protected . . . is one's interest in preventing the government from seeing or taking evidence described in a warrant." *Id.*

¶ 12. Ultimately, when we determine whether to apply the exclusionary rule, we must examine whether the disputed search "has infringed an interest *of the defendant* which the Fourth Amendment was designed to protect." *Rakas v. Illinois*, 439 U.S. 128, 140 (1978) (emphasis added); *see also Hudson*, ___ U.S. at ___, 126

S.Ct. at 2163–65. In this case, that means we must examine the purposes of the knock-and-announce rule that *Eason*, 245 Wis. 2d 206, ¶ 17, described, as they relate personally to Brady.

¶ 13.   The first consideration is the safety of the police and others. Here, because Brady was not home, his safety was not endangered. Conversely, the officers were not threatened because their entry could not "provoke violence" from a surprised Brady. The safety consideration was not violated.

¶ 14.   The second consideration is protection of property. Although the trial court found the home was forcibly entered, there was no damage to the lock or any other property. The sanctity of the homeowners' property was preserved.

¶ 15.   The last consideration is the privacy right. We reiterate, however, that this is a limited privacy right. Brady was not home, so there was not even a miniscule chance the deputies would infringe upon his dignity. Police would not, for example, break in and find Brady in an embarrassing or compromising situation. The intrusion upon the sanctity of the home—the primary violation of which Brady complains—was authorized by the search warrant, the issuance of which Brady has not challenged.

¶ 16.   The knock-and-announce rule protects three things:   the safety of the officers and residents, the integrity of personal property, and residents' dignity. None of these protected interests, as they relate to Brady personally, was violated in this case. *See Rakas*, 439 U.S. at 140. Accordingly, despite what might be considered a technical violation of the knock-and-announce rule, there is no justification for applying the exclusionary rule in this case because the constitution-

ally protected interests remain intact. The motion to suppress was properly denied.

*By the Court.*—Judgment and order affirmed.