The appellant was charged with second degree rape of his 14-year-old stepdaughter in violation of § 13A-6-62, Code of Alabama 1975. He was found guilty by a Morgan County jury and sentenced to 10 years' imprisonment. Only one issue is raised on appeal.
The appellant maintains that the state did not prove a prima facie case of second degree rape because it failed to present any evidence that he was 16 years old or more at the time the alleged offense was committed. Section 13A-6-62, Code of Alabama 1975, provides:
 "(a) A male commits the crime of rape in the second degree if:
 (1) Being 16 years old or older, he engages in sexual intercourse with a female less than 16 and more than 12 years old; provided, however, the actor is at least two years older than the female.
 (2) He engages in sexual intercourse with a female who is incapable of consent by reason of being mentally defective."
It is apparent from the statute that the age of the accused is a material element of second degree rape. Therefore, in a prosecution for statutory rape, it is incumbent upon the state to prove beyond a reasonable doubt that the defendant was sixteen years of age or older at the time of the crime.
The record supports the appellant's assertion that the state did not offer any direct evidence of the defendant's age during its case in chief. There is, however, no requirement that the proof of age be established by direct evidence. "It is uniformly the rule that a defendant's physical appearance may be considered by the jury in determining his or her age." Statev. Lauritsen, 199 Neb. 816, 819, 261 N.W.2d 755, 757 (1978);Torres v. State, 521 P.2d 386 (Alaska 1974); State v.Hemmenway, 80 S.D. 153, 120 N.W.2d 561 (1963); Ham v. State,156 Ala. 645, 47 So. 126 (1908); Black v. Pate, 130 Ala. 514,30 So. 434 (1900). "Jurors are at liberty to use their senses of observation and draw inferences as to the age of an accused or witness from his physical appearance, and such will fill the evidentiary void otherwise present *Page 25 
where no verbal or written testimony of age is introduced into evidence." State v. Rowe, 238 A.2d 217, 222 (Me. 1968); Statev. Fries, 246 Wis. 521, 17 N.W.2d 578 (1945); State v. Dorathy,132 Me. 291, 170 A. 506 (1934); 2 Wigmore, Evidence § 222 (Chadbourn rev. 1979) ("Experience teaches us that corporal appearances are approximately an index of the age of their bearer, particularly for the marked extremes of old age and youth").
It is generally held, however, that some additional proof of the defendant's age must be presented in conjunction with his physical appearance.[1] State v. Lauritsen, 199 Neb. at 819,261 N.W.2d at 757; Slocum v. People, 120 Colo. 86, 207 P.2d 970
(1949). This additional proof may be in the form of circumstantial evidence and need not be, in and of itself, conclusive of the defendant's age. State v. Fries,246 Wis. 521, 17 N.W.2d 578 (1945); People v. D'Angelo, 30 Ill. App.3d 86, 333 N.E.2d 525 (1975).
In the case sub judice, the evidence offered at trial showed that, at the time of the offense, the appellant had been married to the victim's mother, Lorretta, for seven to eight years. If the appellant was less than sixteen years of age at the time of the offense, he would have been only eight years of age at the time of the marriage. We believe that the jury could have reasonably inferred that the appellant was more than eight years old when he married Lorretta. In addition, the appellant himself testified that he had "grown up" with Lorretta, who was thirty-seven years old at the time of the trial. Even stronger evidence of the appellant's age was provided by his former wife, Mary Quick. Ms. Quick testified that she married the appellant in March of 1967 — sixteen years before the appellant committed the offense here in question.
We conclude that the trial judge properly allowed the jury to consider the appellant's physical appearance as evidence of his approximate age and that its finding was supported by additional evidence tending to show that the appellant was "sixteen years old or older." § 13A-6-62, Code of Alabama 1975. Consequently, the trial court's denial of appellant's motion for judgment of acquittal is due to be, and it is, affirmed.
AFFIRMED.
All the Judges concur.
[1] Without additional evidence of a defendant's age, a reviewing court would have nothing to review since, generally, the accused is not present for the appellate court's inspection. The apparent purpose for requiring additional proof of the accused's age is, therefore, merely to provide the reviewing court some basis for examining the jury's finding as to the defendant's age. Where there is any evidence tending to support that finding, the judgment will be upheld.