Johnny J. Coleman was convicted for the first degree rape of his wife's six-year-old daughter and sentenced to life imprisonment.
 I
To present a prima facie case, the State had to prove that the accused, "being 16 years old or older, engage[d] in sexual intercourse with a female who [was] less than 12 years old." Alabama Code 1975, § 13A-6-61. The State presented no direct evidence of the defendant's age. A pretrial sanity evaluation, which was not admitted into evidence, shows the defendant as being 32 years of age.
The record shows that the defendant had been married to the six-year-old victim's mother for three years. The victim's mother also had other children, not the defendant's, the oldest of which was ten years old. A police officer testified that the defendant had a twelfth-grade education. This constitutes circumstantial evidence of the defendant's age. "Age may be proved by circumstantial evidence." 31A C.J.S. Evidence § 169 (1964).
 II
There were four female children, ranging from thirteen months to ten years, living with the defendant and his wife. Each of the girls had been sexually abused. The victim and her five-year-old sister testified, in effect, that the defendant had sexually abused them. In a voluntary confession, the defendant admitted abusing the ten-year-old.
Under these circumstances, the evidence of the "other offenses" would show plan, scheme, and intent. C. Gamble,McElroy's Alabama Evidence, § 70.01 (7) and (22) (3rd ed. 1977).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.