549 So.2d 552 (1989)
William Dale HAWKINS
v.
STATE.
4 Div. 61.
Court of Criminal Appeals of Alabama.
March 31, 1989.
Rehearing Denied June 16, 1989.
Certiorari Denied August 25, 1989.
*553 Samuel L. Adams, Dothan, for appellant.
Don Siegelman, Atty. Gen., and Gilda B. Williams, Asst. Atty. Gen., for appellee.
Alabama Supreme Court 88-1199.
TAYLOR, Presiding Judge.
The appellant, William Dale Hawkins, was convicted for sexual abuse in the first degree, a violation of § 13A-6-66, Code of Alabama 1975. The trial court, following a jury trial, sentenced him to five years in the penitentiary.
The victim, N.V., was 11 years old when the alleged acts of sexual abuse by his stepfather, William Dale Hawkins, occurred. N.V. was 17 years old at the time of trial, and he testified that he was sexually abused during January of 1982. At issue were "acts occurring between January 8th of 1982 and January the 27th of 1982 inclusive."
The appellant, after the victim had taken a bath, would tell his step-son, "I want to show you how to get real clean. You are not clean enough." The victim testified that his stepfather would make him get back into the tub and would rub him with his bare hands and soap. The victim said that he asked his stepfather to stop and that he tried to push his hands away, but that the appellant would not stop. He testified that the incidents lasted between 10 and 15 minutes each, and that the appellant would touch his "private parts." Also, he testified that he got an erection during one of these incidents. The victim said that he did not tell anyone about this because he was scared and embarrassed. He testified that the appellant would tell him, "If you tell your mama, I'm going to hurt her"; "If you tell anybody, I'm going to whip you"; and that if he told anyone, he would "whack it [his penis] off with a machete." However, he testified that he decided to report his stepfather's transgressions because he was no longer embarrassed and because his younger brother had told him that he was also being sexually abused by the appellant.
The appellant testified that he did not normally bathe his stepson, N., because N. would bathe himself. However, on one occasion he did re-bathe N. because he was not clean. Hawkins testified that he never touched N. in a sexual context and never touched N.'s penis in order to gratify his sexual desires.

I
The appellant's first contention is that the trial court erred in failing to grant his motion for judgment of acquittal based upon the statute of limitations.
N.V.'s complaint of sexual abuse was made to authorities in January 1987. The Houston County grand jury indicted Hawkins *554 during its June 1987 term, approximately five and a half years after the date of the crime.
At the time the incidents occurred, January 17 and 27 of 1982, the applicable statute of limitations was § 15-3-1, Code of Alabama 1975, which states:
"The prosecution of all felonies, except those specified in sections 15-3-3 and 15-3-5, must be commenced within three years after the commission of the offense."
Section 15-3-3, Code of Alabama 1975, provides:
"A prosecution for conversion of the state or county revenue must be commenced within six years after the conversion."
At the time of this offense, § 15-3-5, Code of Alabama 1975, provided:
"There is no limitation of time within which a prosecution must be commenced for any public offense which may be punished capitally, murder in the first or second degree, manslaughter in the first degree, arson, forgery, counterfeiting or any offense expressly punishable under the provisions of this Code as forgery or counterfeiting."
In January 1985, the legislature of Alabama amended § 15-3-5, Code of Alabama 1975, to read:
"(a) There is no limitation of time within which a prosecution must be commenced for:
"(1) Any capital offense;
"(2) Any felony involving the use attempted use, or threat of, violence to a person;
"(3) Any felony involving serious physical injury or death of a person;
"(4) Any sex offense involving a victim under 16 years of age, regardless of whether it involves force or serious physical injury or death;
"(5) Any felony involving arson of any type;
"(6) Any felony involving forgery of any type;
"(7) Any felony involving counterfeiting; and
"(8) Any felony involving drug trafficking.
"(b) The amendments made by this act [i.e., Act 85-14, 1984-85 Ala. Acts] shall apply:
"(1) To all crimes committed after January 7, 1985; and
"(2) To all crimes committed before January 7, 1985, for which no statute of limitations provided under pre-existing law has run as of January 7, 1985."
Under § 15-3-5(a)(4), added by the January 1985 amendment, there is no limitation of time within which a prosecution must be commenced for any sex offense involving a victim under the age of 16. Furthermore, § 15-3-5(b)(2), Code of Alabama 1975, provides in effect that the "no limitation" provision of § 15-3-5 applies to all such crimes committed before January 7, 1985, for which any statute of limitations provided under pre-existing law had not run as of January 7, 1985.
In the case at bar, the offenses took place on January 17 and 27 of 1982. The three-year statute of limitations, as provided in § 15-3-1, would not have run until January 17 and January 27 of 1985. However, the effect of § 15-3-1 was changed on January 7, 1985, by the amendment to § 15-3-5. Therefore, since § 15-3-5(b)(2), was in effect before the limitations period provided in § 15-3-1 had expired, the "no limitation of time" provision of amended § 15-3-5 controls and the prosecution was not barred by a statute of limitations.
The appellant, in his brief, alleges that the amended "no limitation of time" provisions amounts to an ex post facto law and deprives him of due process.
In Clements v. United States, 266 F.2d 397 (9th Cir. 1959), cert. denied, 359 U.S. 985, 79 S.Ct. 943, 3 L.Ed.2d 934 (1959), the defendant was convicted for transporting females across state lines for the purpose of prostitution. A three-year statute of limitations was in effect at the time the crimes were committed. However, before the three-year limitations period had expired, the statute was amended to provide a five-year limitations period. The court held *555 that the extension of the statutory period, as to the crimes committed by the defendant, was not unconstitutional as an ex post facto law, since it did not render any previously innocent act criminal. The Circuit Court of Appeals, in Clements, supra, held:
"The amendment was not an ex post facto law. It did not render a previously innocent act criminal. This statute did not aggravate or increase the punishment for the crimes here involved. The enactment did not alter the rules of evidence. An innocent act was not thereby penalized while assuming to regulate civil rights and remedies. Nor was the accused deprived thereby of some protection or defense previously available." Id. at 399.
In the case sub judice, the appellant's prosecution was not barred by § 15-3-1. The act amending amended § 15-3-5 was not an ex post facto law and the appellant's due process rights were accorded.
Therefore, we find no reversible error in this issue.

II
The appellant's second contention is that the trial court erred in failing to grant his motion for judgment of acquittal based upon the State's failure to make a prima facie case. Specifically, he claims that the State failed to show that the touching was done for the purpose of gratifying his "sexual desires," as that term is used in § 13A-6-60(3), Code of Alabama 1975, and did not prove that the appellant was 16 years or older, as required by § 13A-6-66(a)(3).
Section 13A-6-66 provides:
"(a) A person commits the crime of sexual abuse in the first degree if:
"(1) He subjects another person to sexual contact by forcible compulsion; or
"(2) He subjects another person to sexual contact who is incapable of consent by reason of being physically helpless or mentally incapacitated; or
"(3) He, being 16 years old or older, subjects another person to sexual contact who is less than 12 years old.
"(b) Sexual abuse in the first degree is a Class C felony."
Section 13A-6-60(3) defines "sexual contact" as:
"Any touching of the sexual or other intimate parts of a person not married to the actor, done for the purpose of gratifying the sexual desire of either party."
In Ex parte Cofer, 440 So.2d 1121, 1124 (Ala.1983), the Alabama Supreme Court held that under § 13A-6-60 and 13A-6-66, first degree sexual abuse requires proof that the defendant acted with the intent to gratify the sexual desire of himself or of the person contacted.
In Phillips v. State, 505 So.2d 1075, 1078 (Ala.Cr.App.1986), we held that this intent may be inferred by the jury from the act itself. See also Hutcherson v. State, 441 So.2d 1048 (Ala.Cr.App.1983); Parker v. State, 406 So.2d 1036 (Ala.Cr.App.), cert. denied, 406 So.2d 1041 (Ala.1981).
Therefore, if the jury believed the victim's testimony concerning the incidents involving him and the appellant, then it could have inferred that the appellant had the requisite intent and could have found him guilty of the offense.
Appellant further argues that the State failed to prove a prima facie case against him in that it failed to establish that he was over 16 years of age when the incidents occurred. Appellant was charged with sexual abuse in the first degree, a violation of § 13A-6-66, Code of Alabama 1975. Specifically, appellant was charged with violating subsection (a)(3) of that section, i.e., that "[h]e, being 16 years of age or older, subjects another person to sexual contact who is less than 12 years old." The record reveals that the victim testified that he was 11 years old at the time of the incidents. However, the State failed to offer any direct evidence that the defendant was 16 years old or older when the incidents occurred.
While the jury, observing the appellant, could estimate his probable age, the statutory *556 requirement demands more. There must be something in the transcript which permits a legal inference of the age of the appellant at the time of the alleged sexual abuse.
Where the language of a statute is plain and unambiguous, and its meaning is obvious, this court must give effect to the legislature's manifestation of its intent, as there is no room for construction of that statute. Pace v. City of Montgomery, 455 So.2d 180, 184 (Ala.Cr.App. 1984). The plain language of this statute makes it clear that the age of the accused is a material element of first degree sexual abuse. In cases involving similarly worded statutes, we have been required by the clear statutory language to hold that the age of the accused was an element of the offense which must be proven by the State in order to establish a prima facie case against the accused. Coleman v. State, 491 So.2d 1086 (Ala.Cr.App.1986) (age of the accused a material element of first degree rape); Barnett v. State, 488 So.2d 24 (Ala.Cr.App. 1986) (age of the accused a material element of second degree rape). In so holding, we disavow any language to the contrary found in Merton v. State, 500 So.2d 1301, 1306 (Ala.Cr.App.1986). We would note that in spite of the language contained in Merton, the age of the accused in that case was sufficiently proven to be over 16, by circumstantial evidence.
There is no requirement that the proof of the accused's age be established by direct, as contrasted with circumstantial, evidence. Such proof may be established by circumstantial evidence. Coleman v. State, supra, 491 So.2d at 1087. Moreover, as we held in Barnett v. State, supra, 488 So.2d at 25:
"It is uniformly the rule that a defendant's physical appearance maybe considered by the jury in determining his or her age.... Jurors are at liberty to use their senses of observation and draw inferences as to the age of an accused or witness from the physical appearance, and such will fill the evidentiary void otherwise present where no verbal or written testimony of age is introduced into evidence.... It is generally held, however, that some additional proof of the defendant's age must be presented in conjunction with his physical appearance.... This additional proof may be in the form of circumstantial evidence and need not be, in and of itself, conclusive of the defendant's age." (Emphasis added.) (Citations omitted.)
In the case at bar, the evidence offered at trial showed that, at the time of the crime, the appellant had been married to the victim's mother for five years. If the appellant was less than 16 years old at the time of the crime, 1982, he would have been only 10 years of age or less at the time of the marriage. It is, of course, reasonable to infer that that appellant was more than 10 years old when he married the victim's mother. This inference from circumstantial evidence is sufficient. By fair inference, the jury could have been convinced beyond a reasonable doubt that the appellant was older than 16 years at the time of the alleged sexual abuse.
The jury correctly considered the appellant's physical appearance as evidence of his approximate age, but its finding that he was "sixteen years old or older" was based on a fair inference from evidence. The trial court's denial of the appellant's motion for judgment of acquittal was in accordance with the law.

III
The appellant's third contention is that the trial court erred in granting the State's motion in limine as to the testimony of Dr. J.E. Hoard, Jr., a clinical psychologist.
The testimony of Dr. Hoard would have been that, based upon his findings, the appellant did not have homosexual tendencies and did not exhibit pedophiliac tendencies. The appellant contends that Dr. Hoard's testimony would have negated the required intent. The trial court ruled this testimony inadmissible on the grounds that: (1) it would invade the province of the jury; (2) Dr. Hoard was appointed to assist a Florida court on an unrelated case (the custody of the appellant's natural son, and *557 not the victim); and (3) the psychological testing was too remote (Dr. Hoard admitted that the tests were done in 1986, four years after the crime in the case at bar).
The test of relevancy sanctioned by the appellate courts of Alabama has been described as follows: "Under this literal test, a fact is admissible if it has any probative value, however slight, upon a matter in the case." C. Gamble,McElroy's Alabama Evidence § 21.01(1) (3d ed 1977).
Before evidence may be considered by a jury, it must fulfill certain minimum requirements of admissibility, including that of relevancy. "Evidence which is relevant has some tendency to make the existence of any fact or inference that is of consequence to the determination of the action more or less probable than it would be without the evidence." Dawkins v. State, 455 So.2d 220, 221 (Ala.Cr.App. 1984).
In Dennard v. State, 405 So.2d 408, 410 (Ala.Cr.App.1981), we held:
"Evidence, to be competent and admissible, must be relevant. That is to say, evidence must tend to prove or disprove the issues before the jury. The determination of the relevancy or lack of relevancy of particular evidence rests largely in the sound discretion of the trial judge. It is, therefore, the duty of the trial judge to limit evidence to the points in issue so that the attention of the jury is not distracted, nor withdrawn from the primary issues, to be directed towards foreign matters or issues of questionable or doubtful relevancy."
The court may exclude evidence when it is such as to furnish a basis for nothing more than mere conjecture or remote inferences in reference to the transaction under investigation. Trawick v. State, 431 So.2d 574, 578 (Ala.Cr.App.1983).
In Jennings v. State, 513 So.2d 91 (Ala. Cr.App.1987), the trial court would not permit two witnesses for the defense to testify. In Jennings, at 98, we held that the inferences to be drawn from the proffered testimony were too speculative to illustrate a reasonable connection between the testimony and a legitimate purpose for which it could be introduced. Moreover, the burden was on the appellant to make it clear to the trial court, and to this court on appeal, how the proffered testimony would show the appellant's innocence.
Here, Dr. Hoard's testimony would be that, four years after the alleged commission of the offense, a test, conducted for another purpose, tended to indicate that the accused did not have homosexual or pedophiliac tendencies. The evidence would have been admissible, but it was not error to refuse to receive it, because of its remoteness. It is in a gray area in which we have relied on the discretion of the judge in the courtroom. See Primm v. State, 473 So.2d 1149, 1157 (Ala.Cr.App. 1985).
We do not find that the court abused its discretion here, and we do not find error.

IV
The appellant's final contention is that the trial court erred in failing to grant his motion for a mistrial.
The victim was asked by state's counsel why he told someone what the appellant had done to him, and he stated that his younger brother had said that the same thing had happened to him. The record reflects the following occurred:
"BY MR. VALESKA:
"Q This is the question and listen to me, [N]. I have asked you will you please tell the ladies and gentlemen of the Jury why you waited five years or four years and eight months to tell anybody what the Defendant Hawkins had done to you. Not what somebody else told you, but why you waited?
"A Because I was scared and embarrassed.
"Q Is there any other reason?
"MR. ADAMS: Your Honor, he has answered the question.
"THE COURT: Okay.
"MR. VALESKA: Judge, we are dealing with a seventeen year old. We are not dealing with an adult here. I think it is within your discretionthe Court held if that is leading, I would rephrase and say what, if anything else, *558 if there is anything? I don't think that is leading for a seventeen year old boy.
"MR. ADAMS: He answered the question and we object to the leading.
"THE COURT: If there is any further reason, I will allow the witness to answer.
"THE WITNESS: Because my little brother
"MR. ADAMS: I object. [Emphasis added.]
"THE WITNESS: stated that the same thing happened."
The appellant contends that the witness's comment, as set out above, constituted testimony of prior acts of sexual misconduct by him, violating our Supreme Court's decision in Anonymous v. State, 507 So.2d 972 (Ala. 1987). In the first place, we do not find the question "Is there any other reason?" to be a leading question. Leading questions are those which suggest the answer. There was no error in overruling this objection. Appellant contends also that his general objection related back to an earlier specific objection. Our examination of the record reveals that the appellant's earlier objection on this issue was based upon hearsay. The answer eventually giventhat the victim's "little brother stated that the same thing happened" was not subject to a hearsay objection. The question addressed the reasons existing in the mind of the victim. At no time did defense counsel move to exclude the victim's testimony because it mentioned prior bad acts.
Even if this issue had been preserved for appellate review, the result would probably have been the same. Contrary to appellant's contention, prior acts of sexual misconduct are not per se inadmissible. Evidence of such acts are admissible under several exceptions to the exclusionary rule, including the intent, identity, and motive exceptions. Bowden v. State, 538 So.2d 1226 (Ala.1988). See also Anonymous v. State, 507 So.2d 972 (Ala.1987); Ex parte Cofer, 440 So.2d 1121 (Ala.1983). Here, the appellant denied that the acts were done for sexual gratification and maintained, instead, that his only motive was to insure that the victim was completely bathed. He contested the issue of intent. Evidence of a subsequent occurrence probably would have been admissible to demonstrate that the appellant's intent was to gratify his sexual desire.
Finally, appellant contends that the trial court erred in not granting his motion for a mistrial. In light of the fact that the excluded testimony would probably have been admissible under the intent exception to the exclusionary rule, the trial court correctly denied appellant's mistrial motion.
Based on the foregoing, this cause is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur except BOWEN, J., who concurs with opinion.
BOWEN, Judge, concurring.
Alabama has five sex offenses defined in terms of an actor who, "being 16 years old or older," engages in prohibited conduct with a victim of a specified age. See Ala. Code 1975, Sections 13A-6-61(a)(3) (first degree rape); 13A-6-62(a)(1) (second degree rape); 13A-6-63(a)(3) (first degree sodomy); 13A-6-64(a)(1) (second degree sodomy); 13A-6-66(a)(3) (first degree sexual abuse). We also have one offense defined in terms of an actor who is "19 years old or older." See 13A-6-67(a)(2) (second degree sexual abuse).
This Court has issued conflicting opinions on the burden of pleading and proving the age of an accused prosecuted under these statutes. On one hand, we have held that the age of the defendant is a material element of the State's case, and that age must be alleged in the indictment and proved at trial. See Coleman v. State, supra; Barnett v. State, supra. See also Webb v. State, 455 So.2d 223, 226 (Ala.Cr. App.1984) (by negative implication). On the other hand, we have indicated that the age of the accused is a defensive matter, with the corollary that the State need not allege or prove the defendant meets the threshold age requirement; instead, the defendant must prove that he is not the required age. See Merton v. State, supra;
*559 Potts v. State, 426 So.2d 886, 894-95 (Ala. Cr.App.1982), affirmed, Ex parte Potts, 426 So.2d 896 (Ala.1983).
I concur in the holding of Part II of the majority opinion but write separately to explain (1) why I believe the age of the accused is an element which must be proved by the State, (2) why Ex parte Potts does not mandate a different conclusion, and (3) how an appellate court should review whether the State has proved the age of the accused.
The majority opinion concludes that the defendant's age is a material element of first degree sexual abuse because "the language of [the] statute is plain and unambiguous and its meaning is obvious." If the meaning of the language is obvious, it is difficult to understand why the Committee Comment to the applicable code sections observes that "it is a defense to [Sections 13A-6-61(a)(3) and 13A-6-62(a)(1) ] that the male is under 16 years of age," see Ala.Code Sections 13A-6-61 and 13A-6-62 (Commentary at 200) (1975), or why this Court has rendered conflicting opinions on the subject.
"A frequently encountered rule of statutory interpretation asserts that a statute, clear and unambiguous on its face, need not and cannot be interpreted by a court.... However, this rule is deceptive in that it implies that words have intrinsic meanings [but] [i]t is only through custom, usage, and convention that language acquires established meanings.
"The assertion in a judicial opinion that a statute needs no interpretation because it is `clear and unambiguous' is in reality evidence that the court has already considered and construed the act." N. Singer, Sutherland Statutory Construction Section 45.02 at 4-5 (Sands 4th ed. 1984).
The phrase "being 16 years old or older" embodies an essential element which must be pleaded and proved by the prosecution for three reasons: (a) its grammatical and logical relationship to the rest of the statutory prohibition indicates that it is a definitional component of the offense; (b) it differs so markedly from the proviso exception, or limitation contained in the predecessor statute on the same subject that it must be construed differently; and (c) similar enactments in other jurisdictions have been construed as material elements of the offenses rather than as matters of defense.
From the placement of the phrase "being 16 years old or older" immediately after and in apposition to "he" (the actor), it follows both grammatically and logically that the phrase modifies, describes, classifies and defines "he." See generally Sutherland Statutory Construction, supra at Section 47.10. "He" is an actor sixteen years old or older. The prohibition of the statute extends only to him. Age is therefore a crucial part of the definition of the offense.
Our current sex offense statutes which set a minimum age for the accused differ markedly from their predecessor, Section 13-1-134 (1975) (repealed). That section provided the following:
"Except where the parties are lawfully married, any person who has carnal knowledge of any girl over 12 and under 16 years of age ... shall, on conviction, be punished at the discretion of the jury, by imprisonment in the penitentiary for not less than two nor more than 10 years. This section, however, shall not apply to boys under 16 years of age." (Emphasis added.)
The emphasized portion of the old carnal knowledge statute was construed as a proviso, exception, or limitation, with the result that "[o]ne who claims the benefit of an exception from the prohibition of a statute has the burden of proving that his claim comes within the exception." Sutherland Statutory Construction, supra, Section 47.11 at 145. See Brown v. State, 23 Ala.App. 424, 126 So. 420 (1930); Pendley v. State, 22 Ala.App. 462, 116 So. 809 (1928); Bryan v. State, 18 Ala.App. 199, 89 So. 894 (1921); Miller v. State, 16 Ala.App. 534, 79 So. 314 (1918). The State was not required in a prosecution brought under Section 13-1-134 to allege or prove the age of the defendant; age was a matter of defense. Brown; Pendley; Bryan; Miller.
*560 The grammatical and logical differences between Section 13-1-134 and our current sex offense statutes are apparent. The prohibition of Section 13-1-134 was general ("any person who ..."). The exception to the general prohibition was "boys under 16 years of age." In contrast, the prohibition of Section 13A-6-66(a)(3) is specific (one who, "being 16 years old or older"). Under established rules of statutory construction an exception is construed as a matter of defense. A specific definitional component of the offense, however, is a required element of pleading and proof. See Johnson v. State, 51 Ala.App. 649, 288 So.2d 186 (1974); Sutherland Statutory Construction Section 47.10.
Although I recognize that the Commentary to Sections 13A-6-61 and 13A-6-62 states that those sections "are substantially the same as ... former Section 13-1-134... [and] it is a defense ... that the male is under 16 years of age," the official comments "are not part of the section and have not been enacted by the legislature." Minshew v. State, 542 So.2d 307 (Ala.Cr.App. 1988); cf. Simmons v. Clemco Industries, 368 So.2d 509, 514 (Ala.1979) (official comments to UCC are not part of legislative enactment). The commentary does not override the form and meaning of the statutory language, when viewed in light of established principles of statutory construction. See generally, Sutherland Statutory Construction Section 45.07.
Alabama's sex offense statutes, when first enacted, were "virtually identical to the New York statute[s]." Model Penal Code and Commentaries Section 213.1 at 300 n. 67 (A.L.I.1980). Since 1980, New York has substantially amended its sexual offense statutes, cf. McKinney's Consol. Sections 130.00 et seq. (Penal 1987). For those offenses in which the age of the accused is still set out, however, New York follows the rule that the defendant's age is an essential element of the crime which must be pleaded and proved. See People v. Burch, 281 App.Div. 348, 120 N.Y.S.2d 82 (1953) (construing former N.Y.Penal Law Section 2010 (1950) and cited in annotations to the current sex offense statutes). The statute at issue in Burch provided the following:
"A person of the age of twenty-one years or over who perpetrates an act of sexual intercourse with a female not his wife, under the age of eighteen years, under circumstances not amounting to rape in the first degree is guilty of rape in the second degree." N.Y.Penal Law Section 2010 (1950) (repealed).
The New York court held that "[t]he ages of both prosecutrix and defendant are essential elements of the crime ... In order to charge rape in the second degree, it was not only necessary to allege that the complainant was under the age of eighteen years but also, ... that the defendant was of the age of twenty-one or over." 281 App.Div. at 350, 120 N.Y.S.2d at 84. State v. Perry, 291 N.C. 586, 231 S.E.2d 262 (1977) (indictment fatally defective because it failed to allege age of accused under statute providing penalty "[i]f the person guilty of rape is more than 16 years of age"); Thomas v. Sheriff, Clark County, 89 Nev. 17, 504 P.2d 1313 (1973) (proof of accused's age necessary under statute making rape a felony if committed by a male over 21 and a misdemeanor if committed by a male under 21).
The principles of statutory construction, the variance between former sex offense provisions and current enactments in our own state, and the persuasive force of the construction placed on similar statutes in other jurisdictions all dictate that the age of the accused is a material element of the Alabama sex offense statutes listed above.
The holding of Potts v. State, affirmed by the Alabama Supreme Court in Ex parte Potts, does not alter this conclusion. The observation in Potts v. State, 426 So.2d at 894, "it appears to us to have been the legislative intent to provide as a defense... the fact that the appellant is under 16 years of age" was dicta.
In Potts, the accused was convicted, pursuant to former Section 13A-5-31(a)(3) (now repealed) of "carnal knowledge of a girl under twelve years of age ... during which the victim was intentionally killed." 426 So.2d at 888. The defendant, who was *561 fifteen years old at the time of the offense, argued that he could not be found guilty of the capital offense because the carnal knowledge component of that offense required that he be at least sixteen years of age. This Court rejected his argument, holding that the legislature had defined the sexual offense component of the capital crime "without regard to the age of the defendant." Potts v. State, 426 So.2d at 895 (emphasis added).
"To hold that Section 13A-5-31(a)(3) creates its own sexual offense with a definiton that disregards the appellant's age, may appear to controvene the apparent legislative policy of Chapter 6, Article 4 [Sexual Offenses contained in Sections 13A-6-60 et seq.], as well as recognizing Section 13A-5-31(a)(3) as creating a sexual offense not incorporated under Chapter 6, Article 4, which undertakes to define sexual offenses. However, it appears to us that the legislature intended to do exactly that by codifying separately those crimes it deemed worthy of capital punishment." Id. (Emphasis added.)
Because the actual holding of Potts v. State turned on the conclusion that, for purposes of the sexual offense component of the capital crime, the defendant's age was disregarded, any discussion of other sex offenses (those not a component of a capital offense) was purely dicta. The affirmance by our Supreme Court, "find[ing] that Potts' age did not prohibit his conviction [of the capital offense]," Ex parte Potts, 426 So.2d at 901-02, did not specifically address the dicta regarding the age of the accused as a defensive matter in a non-capital sex offense. The holding of Potts, therefore, does not preclude our construing the age of the accused to be an essential element of sexual abuse in the first degree.
Finally, on the matter of how the State proves the defendant's age, I believe the majority has correctly cited Barnett v. State for the proposition that the defendant's physical appearance alone is sufficient for the jury to conclude that he is over the required age. On the issue of appellate review of whether the State has proved age, however, the majority seems to conclude that something other than the accused's physical appearance must be presentedto the jury in order to uphold the verdict. If that is the import of the following quote from Barnett: "It is generally held, however, that some additional proof of the defendant's age must be presented in conjunction with his physical appearance," then I disagree, for the majority opinion has omitted from the Barnett quote a crucial footnote:
"Without additional evidence of a defendant's age, a reviewing court would have nothing to review since, generally, the accused is not present for the appellate court's inspection. The apparent purpose for requiring additional proof of the accused's age is, therefore, merely to provide the reviewing court some basis for examining the jury's finding as to the defendant's age. Where there is any evidence tending to support that finding, the judgment will be upheld." Barnett v. State, 488 So.2d at 25 (emphasis in original).
In order for a reviewing court to have "some basis for examining the jury's finding as to the defendant's age" it need only have some indication, anywhere in the record, that the jury's finding of age was warranted. That indication need not be in the form of evidence presented to the jury. It could be the defendant's date of birth on a case action summary sheet, a presentence report, a youthful offender application, a record of a prior conviction, or any number of other sources not presented to the jury. See Merton v. State, supra (wherein this court noted that "a document in the record on appeal" [presumably not presented to the jury] showed the accused's birthdate).
In my judgment, therefore, the jury's observation of the accused is sufficient proof of his age. A reviewing court should uphold the jury's verdict whenever there is support in the record for the jury's determination that the accused was over the minimum statutory age.