565 So.2d 1263 (1990)
A.J. HOUSTON
v.
STATE.
6 Div. 268.
Court of Criminal Appeals of Alabama.
May 11, 1990.
Rehearing Denied June 15, 1990.
Edward D. Tumlin, Birmingham, for appellant.
Don Siegelman, Atty. Gen., and Beth Jackson Hughes, Asst. Atty. Gen., for appellee.
TYSON, Judge.
A.J. Houston, the appellant, was indicted for sexual abuse in the first degree, in violation of § 13A-6-66, Code of Alabama 1975. The jury found the appellant "guilty as charged in the indictment." The trial judge sentenced the appellant to five years' imprisonment in the state penitentiary.
On February 25, 1987, D.S., a seven-year-old girl was riding her "big wheel" tricycle near her grandmother's home in Bessemer, Alabama. While she was riding down a hill, she felt someone pulling on her leg. After the pulling, she fell on the ground and the tricycle went into the ditch.
The appellant turned D.S. over, pulled her pants aside, inserted his finger in her vagina and turned his finger around a few times. When the victim was turned over, she saw the appellant.
The victim ran home, and as she left, the appellant said: "You tell I will get you, I will get you." The victim's mother testified that the appellant was her husband's uncle.
After the assault D.S. went to the bathroom and noticed blood when she wiped herself. D.S. told her sister about the bleeding.
On February 27, 1989, the victim went to school. When she went to the bathroom, as she was about to flush the toilet, she noticed blood in the toilet. The victim told her teacher about the bleeding and the teacher took her to the principal's office.
The victim's mother was called and her mother took her to Dr. Thomas Edwards's office. The victim told Dr. Edwards that two days earlier the appellant had manipulated her with his hand, in her vaginal area. *1264 Based on tests and other observations, Dr. Edwards determined that his findings were consistent with an abusive situation and potentially of sexual conduct.

I
The appellant contends that the State failed to prove a prima facie case to sustain his conviction for sexual abuse in the first degree. Specifically, the appellant argues that two elements of the crime were not proven: (1) that the sexual contact was done for the purpose of gratifying the appellant, and (2) that the appellant was 16 year or older.
Section 13A-6-66(a)(3) states: "A person commits the crime of sexual abuse in the first degree if: (3) He, being 16 years old or older, subjects another person to sexual contact who is less than 12 years old." "In Ex parte Cofer, 440 So.2d 1121, 1124 (Ala. 1983), the Alabama Supreme Court held that under § 13A-6-60 and § 13A-6-66, first degree sexual abuse requires proof that the defendant acted with the intent to gratify the sexual desires of himself or the person contacted." Hawkins v. State, 549 So.2d 552, 555 (Ala.Cr.App.1989).
This court, in Phillips v. State, 505 So.2d 1075, 1078 (Ala.Cr.App.1986), held that intent to gratify the desire of either party may be inferred by the jury from the act itself. Assuming arguendo, that the jury believed the victim's testimony concerning the sexual assault, then the jury could have inferred that the appellant had the intent necessary for him to be convicted for sexual abuse in the first degree.
The appellant argues next that the State failed to prove a prima facie case of sexual abuse in the first degree because there was no proof that the appellant was 16 years old or over at the time the offense was committed.
In the present case, there was no direct evidence that the appellant was over 16. However, "[t]here is no requirement that the proof of the accused's age be established by direct, as contrasted with circumstantial, evidence. Such proof may be established by circumstantial evidence." Hawkins v. State, 549 So.2d 552, at 556 (Ala.Cr.App.1989) (citations omitted).
The State properly cited in its brief Barnett v. State, 488 So.2d 24, 25 (Ala.Cr.App. 1986), where this court stated:
"`It is uniformly the rule that a defendant's physical appearance may be considered by the jury in determining his or her age.' ... `Jurors are at liberty to use their senses of observation and draw inferences as to the age of an accused or witness from his physical appearance, and such will fill the evidentiary void otherwise present where no verbal or written testimony of age is introduced into evidence.' ...

"It is generally held, however, that some additional proof of the defendant's age must be presented in conjunction with his physical appearance.... This additional proof may be in the form of circumstantial evidence and need not be, in and of itself, conclusive of the defendant's age."
In the present case, the victim's mother testified that the appellant was her husband's uncle. This would make the appellant the victim's great uncle. This, combined with the physical appearance of the appellant, would be sufficient evidence from which the jury could infer that the appellant was 16 years old or older.
For the reasons stated above, the trial court properly denied the appellant's motion for judgment of acquittal.
This cause is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.
BOWEN, J., concurs specially with opinion.
BOWEN, Judge, concurring specially.
I concur specially in the majority opinion. With regard to the majority's apparent holding that "additional proof of the defendant's age must be presented in conjunction with his physical appearance," I continue to adhere to the view I expressed in my concurring opinion in Hawkins v. State, *1265 549 So.2d 552 (Ala.Cr.App.1989). The material portion of that concurring opinion is as follows:
"Finally, on the matter of how the State proves the defendant's age, I believe the majority has correctly cited Barnett v. State for the proposition that the defendant's physical appearance alone is sufficient for the jury to conclude that he is over the required age. On the issue of appellate review of whether the State has proved age, however, the majority seems to conclude that something other than the accused's physical appearance must be presented to the jury in order to uphold the verdict. If that is the import of the following quote from Barnett: `It is generally held, however, that some additional proof of the defendant's age must be presented in conjunction with his physical appearance,' then I disagree, for the majority's opinion has omitted from the Barnett quote a crucial footnote:
"`Without additional evidence of a defendant's age, a reviewing court would have nothing to review since, generally, the accused is not present for the appellate court's inspection. The apparent purpose for requiring additional proof of the accused's age is, therefore, merely to provide the reviewing court some basis for examining the jury's finding as to the defendant's age. Where there is any evidence tending to support that finding, the judgment will be upheld.' Barnett v. State, 488 So.2d at 25 (emphasis in original).
"In order for a reviewing court to have `some basis for examining the jury's finding as to the defendant's age' it need only have some indication, anywhere in the record, that the jury's finding of age was warranted. That indication need not be in the form of evidence presented to the jury. It could be the defendant's date of birth on a case action summary sheet, a presentence report, a youthful offender application, a record of a prior conviction, or any number of other sources not presented to the jury. See Merton v. State [500 So.2d 1301 (Ala.Cr. App.1986) ], supra (wherein this court noted that `a document in the record on appeal' [presumably not presented to the jury] showed the accused's birthdate).
"In my judgment, therefore, the jury's observation of the accused is sufficient proof of his age. A reviewing court should uphold the jury's verdict whenever there is support in the record for the jury's determination that the accused was over the minimum statutory age."
Hawkins, 549 So.2d at 561.