620 So.2d 120 (1992)
A.B.T.
v.
STATE.
CR-91-1626.
Court of Criminal Appeals of Alabama.
December 30, 1992.
Rehearing Denied February 12, 1993.
Certiorari Denied April 23, 1993.
*121 Donald R. Cleveland, West Point, GA, for appellant.
James H. Evans, Atty. Gen., and Robert Lusk, Asst. Atty. Gen., for appellee.
Alabama Supreme Court 1920788.
TAYLOR, Judge.
The appellant, A.B.T., an 18-year-old, was adjudicated a youthful offender on the underlying offenses of sexual abuse in the first degree, in violation of § 13A-6-66, Code of Alabama 1975, and of harassment, in violation of § 13A-11-8(a)(1)(a), Code of Alabama 1975. He was committed to the custody of the Board of Corrections for three years.
The state's evidence tended to show that on January 3, 1991, the victim was a 14-year-old student at Lafayette High School. Near the end of her coed physical education class, she and a friend were walking near a brick wall, waiting for the class bell to ring. The appellant, a student in the class, was standing on the sidewalk. When the victim and her friend walked passed the appellant, the appellant said something to the victim. She turned and asked the appellant what he had said to her. He then grabbed her right arm, "gripping it real tight," according to the victim, and refused to release her. She screamed, and told the appellant to let go. She began swinging her purse at him. During this time, another male student approached the victim, grabbed her between the legs in her genital area, and then ran away. According to the victim, the appellant also grabbed her between the legs, and squeezed her twice. The victim then said, "Let me go. Please let me go." The appellant then released her. The victim then began to cry. The victim's friend, who had been walking with her prior to the incident, testified that she saw the appellant holding the victim's arm, and that she saw the first boy grab her between the legs. She said that there was too much commotion and that she was too confused to remember whether the appellant actually grabbed the victim between the legs.
Another member of the class told the appellant that he should not have grabbed the victim, because she would report him to the principal. The appellant replied, "So. I don't care. Let her tell him. I will kill her."
The victim then walked to the bus stop, and a friend asked her what was wrong. She said that some boys had been "feeling on her." The friend then took her to the principal's office. The principal called the appellant and the other boy to his office. The appellant first admitted that he grabbed the victim but then denied the incident. The principal then suspended both boys, and told the appellant not to return until he brought his probation officer with him. Having been adjudicated a youthful offender, A.B.T. was tried and convicted by the court of sexual abuse in the first degree and of harassment.

I
The appellant first challenges the sufficiency of the evidence to convict him of sexual abuse in the first degree. He urges that the only incriminating evidence was the testimony of the victim, which was controverted in part by various people who were in the general vicinity of the incident. The appellant has preserved the issue of whether the state presented a prima facie case by moving for a judgment of acquittal at the end of the state's case-in-chief. He did not, however, make the same motion at the close of all the evidence. Therefore, we will review only that evidence presented before he moved for a judgment of acquittal.
Section 13A-6-66, Code of Alabama 1975, defines sexual abuse in the first degree. It states, in pertinent part:
"(a) A person commits the crime of sexual abuse in the first degree if:
"(1) He subjects another person to sexual contact by forcible compulsion...."
When considering any issue dealing with sufficiency, "this court is required *122 to view the evidence in a light most favorable to the prosecution." Parrish v. State, 494 So.2d 705, 709 (Ala.Cr.App.1985). Any conflict in the evidence presents a question for the finder of fact. See generally Hughes v. State, 412 So.2d 296 (Ala.Cr. App.1982). Further, "[t]he testimony of the victim alone is sufficient to establish a prima facie case of either rape or sexual abuse," Jones v. State, 580 So.2d 97, 103 (Ala.Cr.App.1991), or any lesser included offense. Williams v. State, 51 Ala.App. 1, 282 So.2d 349, cert. denied, 291 Ala. 803, 282 So.2d 355 (1973).
"`In Ex parte Cofer, 440 So.2d 1121, 1124 (Ala.1983), the Alabama Supreme Court held that under § 13A-6-60 and § 13A-6-66, first degree sexual abuse requires proof that the defendant acted with the intent to gratify the sexual desires of himself or the person contacted.'" Houston v. State, 565 So.2d 1263, 1264 (Ala.Cr.App.1990), quoting Hawkins v. State, 549 So.2d 552, 555 (Ala.Cr.App.1989). The intent to gratify the desire of either party may be inferred by the finder of fact from the act itself. Houston, supra. See also Phillips v. State, 505 So.2d 1075 (Ala. Cr.App.1986). Therefore, if the court was convinced that the appellant grabbed the victim between the legs, then it could reasonably and logically infer that the appellant had the requisite intent necessary to support a conviction of sexual abuse.
The state also must show that the sexual contact was made by "forcible compulsion." Section § 13A-6-60(8), Code of Alabama 1975, defines "forcible compulsion" as "[p]hysical force that overcomes earnest resistance or a threat, express or implied, that places a person in fear of immediate death or serious physical injury to himself or another person." There was a gracious plenty of evidence that the sexual contact was by forcible compulsion.

II
The appellant next argues that he was incorrectly sentenced under the provisions of the Youthful Offender Act. Section 15-19-6(a)(4), Code of Alabama 1975, provides for a maximum sentence of three years' imprisonment for youthful offenders when the underlying charge is a felony. Sexual abuse in the first degree is a Class C felony. Having found the appellant guilty of both harassment and sexual abuse, the trial court did not err in imposing a three-year sentence.
For the foregoing reasons, the judgment in this cause is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.