I agree with the decision of the majority to affirm the appellant's conviction under the motive exception to the general exclusionary rule with regard to the admissibility of collateral offense evidence. However, I would uphold the trial court's decision to admit such evidence under the common plan or scheme exception to the general exclusionary rule, as well. See Atkisson v. State, 640 So.2d 33 (Ala.Cr.App. 1993).
The majority opinion holds that the common plan or scheme exception to the exclusionary rule is applicable only when the identity of the perpetrator of the crime is in issue. While case law indicates that the common plan or scheme exception is often applied in conjunction with the identity exception, the application of the common plan or scheme exception is not limited solely to those cases in which identity is in issue. In cases where the facts and circumstances surrounding the collateral offense parallel or are similar to the facts and circumstances surrounding the charged offense, application of the common plan or scheme as an exception to the general exclusionary rule is appropriate.
In fact, this court has applied the common plan or scheme exception in conjunction with the motive and intent exceptions. See Harvey v. State, 579 So.2d 22, 26
(Ala.Crim.App. 1991); Schroeder, Alabama Evidence § 4-4 (Supp. 1991). This court, in an opinion written by Judge Bowen, has applied the common plan or scheme exception to allow collateral offense evidence to show lack of consent in a rape case in which identity was not in issue. Jones v. State, 580 So.2d 97, 101-3
(Ala.Crim.App. 1991) (similarities between the collateral offense and the charged offense were "sufficient to show that when the appellant wanted sexual favors from a 'friend' he went about obtaining those favors in a particular manner and pursuant to a specific plan"). In Coleman v. State,491 So.2d 1086, 1087 (Ala.Crim.App. 1986), this court held that evidence that the defendant had previously sexually abused each of the four female children living with him was admissible in a sexual abuse case to show a plan, scheme, or intent where identity was not in issue. *Page 12 
To hold that the common plan or scheme exception to the general exclusionary rule is applicable only in cases where identity is in issue is to unduly restrict the admissibility of relevant evidence offered for a valid purpose other than to show the bad character of the accused. Thus, where relevant and material, and where the facts surrounding the collateral offense are similar to the facts of the charged offense, I would hold that the common plan or scheme exception permits the admissibility of the collateral offense evidence.