I agree that the appellant's collateral offenses against his stepdaughter were admissible under the "motive" exception, see Register v. State, 640 So.2d 3 (Ala.Cr.App. 1993), but I do not agree that the collateral offenses were admissible under the "identity" exception.
A defendant's mere denial that the charged acts ever occurred does not create a " 'real and open' issue concerning identity, [and] the collateral acts could not be admi[tted] as going toward such an issue." Anonymous v. State,507 So.2d 972, 975 (Ala. 1987). Apparently, in order for there to be a "real and open issue" of identity in a prosecution for a sexual offense, there must be some evidence, apart from the victim's testimony, that the charged acts occurred. The "other evidence" might consist of medical testimony concerning the victim's injuries or testimony that the victim became pregnant or had an abortion, see Bowden v. State, *Page 39 538 So.2d 1226, 1230 (Ala. 1988). For identity to be at issue, the defendant must, in effect, concede that the charged acts occurred but must "argue that 'someone else committed' [them]." Anonymous v. State, 507 So.2d at 975.
As a majority of this Court stated in Register v. State,640 So.2d 3 (Ala.Cr.App. 1993):
 "Judge Montiel, in his concurring opinion, states that this Court has applied the 'plan, scheme or design' exception to allow collateral crimes evidence when identity is not in issue. That statement appears to be true for the decisions in Harvey v. State, 579 So.2d 22, 26
(Ala.Cr.App. 1990), Coleman v. State, 491 So.2d 1086, 1087 (Ala.Cr.App. 1986), and Jones v. State, 580 So.2d 97, 101 (Ala.Cr.App. 1991).
 "Coleman, however, was decided before the Alabama Supreme Court made it clear, in Anonymous, Bowden, and Ex parte Darby, 516 So.2d 786, 788-89 (Ala. 1987), that 'plan, scheme or design' evidence was admissible only when identity was at issue. Furthermore, the evidence was admissible in Jones
under a special exception — not to prove identity — but to rebut the special defense of consent in a rape case. The fact that the Harvey decision, and doubtless others, were wrongly decided does not mean that this Court should embark on a course contrary to the one the Supreme Court has charted. Until that court expands the 'plan, scheme or design' exception beyond the boundaries set out in Anonymous, Bowden, and Ex parte Darby, we are bound to follow the holdings of those cases."
Although the majority does not discuss the "remoteness" of the collateral offenses, I believe that the admission of evidence concerning acts which occurred "approximately 7 or 8 years prior" to the charged offenses, 640 So.2d at 34, was within the trial court's discretion. See Register v. State, 640 So.2d at 8 (acts occurring 7 to 9 years prior to the charged offense not too remote).