SAM A. BEATTY, Retired Justice.
The plaintiff, Betty J. Watson, appeals from a judgment entered for the defendants, The University of Alabama Health Services Foundation, P.C. (“the Foundation”), and Dr. Stuart Stephenson, following a jury verdict in their favor in Watson’s malpractice action against them based upon negligence. Our supreme court transferred the appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975. We affirm.
Watson brought the action after she underwent surgery to replace a hip. As a result of complications from this surgery, Watson sustained sciatic nerve palsy and a condition called “foot drop.”
During the trial, Watson had portions of the deposition of Dr. Stephen Barrington admitted into evidence. Dr. Barrington was one of the residents who assisted Dr. Stephenson with Watson’s hip replacement surgery. Dr. Barrington testified that at the time of the operation, he was a junior resident, having completed medical school and an internship. At that time, he said, he had been in the orthopedic residency program at the University of Alabama at Birmingham School of Medicine for almost two years and had two more years of training yet to complete. Dr. Barrington also testified that as a junior resident he worked primarily with an attending physician or with a team of doctors. The medical judgments he made independently were usually limited to non-critical areas, such as blood work, electrolytes, and similar subjects. Watson established through Dr. Barrington’s testimony that he was present during her surgery and that he was aware that she had had a problem with severe arterial bleeding while she was in the recovery room. Dr. Stephenson described Watson’s bleeding problem as a pseudoaneurysm, which he defined as a blood clot on the outside of a blood vessel. In such a condition, he said, bleeding stops and starts as a natural consequence.
Watson elicited testimony from Dr. Barrington regarding her care after surgery, such as the following:
“Q. [W]hat was your responsibility in regards to bringing [a telephone call from the recovery room nurse about Watson’s condition] to the attention of Dr. Stephenson?
“A. Well, in the recovery room ... appropriate medical care was being given at that time....
[[Image here]]
“Q. But even if [notifying Dr. Stephenson about a resident’s orders for a patient] had been sometime later, that would have been in keeping with standard procedure?
“A. Yes.”
Later, Watson asked Dr. Barrington for his opinion regarding arterial bleeding and then posed this hypothetical question to him:
“Q. Let’s pretend Betty Watson was your patient. You’re aware she’s got some sort of bleeding. Is it of any significance to you whether it’s arterial bleeding or not?
“A. Yes.
“Q. Why would it be of significance?
“A. It may affect what you do.”
The Foundation and Dr. Stephenson then elected to request the admission of another portion of Dr. Barrington’s deposition, pursuant to Rule 32(a)(4), Ala.R.Civ.P. The trial court admitted the following testimony, despite Watson’s objection:
“Q. Do you know anything or [are you] aware of anything in this or about this case where the standard of care was violated?
“A. Not at all.”
Watson contends on appeal that the trial court committed reversible error in allowing Dr. Barrington to testify as a “similarly situated health care provider,” arguing that his testimony was not admissible under *218 the Alabama Medical Liability Act of 1987, §§ 6-5-540 to -552, Ala.Code 1975. Essentially, Watson argues that no evidence was presented showing that Dr. Barrington was licensed by the appropriate regulatory board or was trained in the same discipline as Dr. Stephenson, as is required by § 6-5-548, Ala. Code 1975. Watson, however, waived any such objection by using portions of Dr. Barrington’s deposition as part of her case-in-chief. See Rule 32(a)(3)(D), Ala.R.Civ.P. Through his deposition, Watson herself established Dr. Barrington’s completion of his internship, his participation in the orthopedic residency program, his presence during the surgery, and his opinion, based both on personal knowledge and by hypothetical question, that the standard of care applicable to Watson’s treatment was not violated. In short, Watson, having treated Dr. Barrington as an expert witness during the trial, cannot now make his competence an issue on appeal. Merton v. State, 500 So.2d 1301 (Ala.Crim.App.1986), overruled on other grounds, Hawkins v. State, 549 So.2d 552 (Ala.Crim.App.1989); Conner v. State, 52 Ala.App. 82, 289 So.2d 650 (Ala.Crim.App.1973), cert. denied, 292 Ala. 716, 289 So.2d 656 (1974); Greathouse v. State, 47 Ala.App. 71, 250 So.2d 609 (Ala.Crim.App.1971).
The remaining issue is whether the trial court committed reversible error in its oral charge to the jury by limiting the jury’s consideration of the evidence. The particular portion of the trial court’s instruction to the jury now at issue follows:
“Now, in looking and making the determination about the factual events that have come to you from the witness stand, the jury must view the evidence and events as of May 6, 1989, and not today. The jury must make a decision on the conditions and circumstances that faced Dr. Stephenson then and not viewed in hindsight.”
Watson argues that this instruction precluded the jury from considering the events occurring on May 5, the date of the operation, and confined its consideration of the evidence to a short time on May 6 while she was in the recovery room. We respectfully disagree with that contention. The instruction was an admonition not to use hindsight, but to consider the evidence “as of’ May 6, i.e., “up to” that date. The charge as a whole was not confusing, but was in accordance with the law. See Rule 51, Ala.R.Civ.P.; see also Sewell v. Internal Medicine & Endocrine Associates, P.C., 600 So.2d 242 (Ala.1992).
Let the judgment be affirmed.
The foregoing opinion was prepared by SAM A. BEATTY, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur.