The appellant, William Michael Pierson, was convicted of sexual abuse in the first degree and sodomy in the first degree, violations of §§ 13A-6-66 and 13A-6-63, Code of Alabama 1975. He was sentenced to 15 years in the state penitentiary.
The state's evidence tended to show that the appellant's stepdaughter was sexually abused by the appellant and that the abuse began when she was 6 years old and ended when she was 12. She testified that the appellant would take his clothes off and force her to put her mouth on his penis. She also testified that on numerous occasions he would have her get into bed on top of him while they both were naked and that he touched her "private parts" and placed his "private area" into her "private area."
The appellant raises three issues on appeal.
 I
The appellant initially contends that the trial court erred by denying his motion to dismiss the charges against him because, he says, the state violated his right to a speedy trial. The record indicates that the appellant was arrested on July 25, 1991, and that he was indicted on October 10, 1991. His case was set for trial to begin on August 25, 1992, then on May 25, 1993, and then on April 19, 1994, but on each occasion the case was reset because of the court's congested docket. He was eventually tried on December 14, 1994.
In Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182,33 L.Ed.2d 101 (1972), the United States Supreme Court set out four factors to use in determining whether the right to a speedy trial had been violated: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) any prejudice to the defendant resulting from the delay. See also State v. Woods, 600 So.2d 425
(Ala.Cr.App. 1992).
The length of the delay is measured from the time the appellant is arrested. Jackson v. State, 650 So.2d 593
(Ala.Cr.App. 1994). The delay in this case was approximately three years and four and one-half months. The record indicates that the only reason for the delay was a congested court docket. The appellant did not assert his right to a speedy trial until December 14, 1994, the day his trial actually began. In addition, the appellant did not show how he was prejudiced by the delay. He was released on bond the day after he was arrested and was not incarcerated during the delay. He asserts that the delay resulted in a crucial witness for his defense, the victim's mother, not being available to testify at the trial. However, the record does not indicate that the appellant attempted to have the witness subpoenaed for trial. Furthermore, this witness did testify at the hearing on the motion for a new trial.
To prevail on a speedy trial claim. The accused must show purposeful and deliberate delay by the prosecuting authority.Turner v. State, 584 So.2d 925 (Ala.Cr.App. 1991), rev'd on other grounds, Ex parte Springer, 619 So.2d 1267 (Ala. 1992). This court held in Vincent v. State, 607 So.2d 1290
(Ala.Cr.App.), dismissed, 614 So.2d 1069 (Ala.Cr.App. 1992), that "neutral reasons" for delay, such as a crowded court docket, do not ordinarily require a dismissal of the case based on a violation of the right to a speedy trial. The trial court correctly denied the appellant's motion to dismiss alleging failure to provide a speedy trial.
 II
The appellant next contends that the trial court erred in denying the appellant's motion for a judgment of acquittal. He specifically contends that the prosecution failed to prove prima facie cases of sexual abuse in the first degree, §13A-6-66, Code of Alabama 1975, and sodomy in the first degree, § 13A-6-63, Code of Alabama 1975, because, he says, it did not prove that the appellant was 16 years of age or older when the incidents of abuse occurred. An element of both offenses is that the accused was 16 years of age or older and that the victim was less *Page 832 
than 12 years old at the time of the offense. The state presented evidence showing the victim's date of birth as January 19, 1977, and that she was six years old at the time of the first incident of abuse. However, the state did not present any direct evidence that the appellant was 16 years of age or older.
In Hawkins v. State, 549 So.2d 552 (Ala.Cr.App. 1989), this court held that while the appellant's age was an element that must be proven in a case of sexual abuse in the first degree, it may be proven indirectly by circumstantial evidence.
 " 'It is uniformly the rule that a defendant's physical appearance may be considered by the jury in determining his or her age. . . . Jurors are at liberty to use their senses of observation and draw inferences as to the age of an accused or witness from the physical appearance, and such will fill the evidentiary void otherwise present where no verbal or written testimony of age is introduced into evidence. . . . It is generally held, however, that some additional proof of the defendant's age must be presented in conjunction with his physical appearance. . . . This additional proof may be in the form of circumstantial evidence and need not be, in and of itself, conclusive of the defendant's age.' (Citations omitted.)"
Hawkins, 549 So.2d at 556, quoting Barnett v. State,488 So.2d 24, 25 (Ala.Cr.App. 1986) (emphasis omitted). The state proved that the appellant adopted the victim when she was six years old and the jury was shown pictures of the appellant and the victim together at that time. In Alabama a person must be at least 19 years of age to legally adopt another. §§ 26-10A-2(3) and 26-10A-5, Code of Alabama 1975. The jury could have reasonably inferred from this evidence that the appellant was 16 years of age or older at the time of the offenses.
The appellant also contends that the prosecution failed to elect which counts it was prosecuting the appellant for. However, this issue was not preserved for appellate review because the appellant neither objected nor moved for the prosecution to elect any specific incidents. "An adverse ruling is required in order to preserve error for appellate review."Maul v. State, 531 So.2d 35, 36 (Ala.Cr.App. 1987). The trial court did not err in denying appellant's motion for a judgment of acquittal.
 III
The appellant last contends that there was not sufficient evidence to support his convictions because, he says, the only evidence offered to prove his guilt consisted of statements made by the victim.
 "In determining the sufficiency of the evidence to sustain a conviction, a reviewing court must accept as true all evidence introduced by the State, accord the State all legitimate inferences therefrom, and consider all evidence in a light most favorable to the prosecution."
Faircloth v. State, 471 So.2d 485, 489 (Ala.Cr.App. 1984), aff'd, 471 So.2d 493 (Ala. 1985). In addition, "[t]he testimony of the victim alone is sufficient to establish a prima facie case of either rape or sexual abuse." Jones v. State,580 So.2d 97, 103 (Ala.Cr.App. 1991). See also Patterson v. State,455 So.2d 284 (Ala.Cr.App. 1984). There was more than sufficient evidence to support the appellant's convictions of sexual abuse in the first degree and sodomy in the first degree.
For the foregoing reasons, the judgment in this case is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.